IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| SHERRY MARSHALL, § § § *Plaintiff* § § v. § § PHILIPS NORTH AMERICA, LLC, § PHILIPS RS NORTH AMERICA, LLC, § PHILIPS HOLDING USA INC., § KONINKLIJKE PHILIPS N.V., § § *Defendants*. § § § § | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Defendants Philips RS North America LLC ("Philips RS North America"), Philips North America, LLC ("Philips North America"), and Philips Holding USA Inc. ("Philips Holding"), (collectively referred to as "Defendants"),[1] hereby provide notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Circuit Court for Smyth County, Commonwealth of Virginia, in which it is now pending at Docket Case No. CL-21001088-00 (the "Underlying Action"), to the United States District Court for the Western District of Virginia, Abingdon Division, and state as follows:

---

[1] As of the filing of this Notice, defendant Koninklijke Philips N.V. has not been served with the Complaint in this action. In her Complaint, Plaintiff acknowledges that Koninklijke Philips N.V. is "a Dutch multinational corporation, maintaining its principal place of business in Amsterdam, Netherlands" and therefore is diverse. Ex. A, ¶ 2.

## I. INTRODUCTION

1. On December 6, 2021, Plaintiff Sherry Marshall ("Plaintiff") filed a complaint in the State Court for Smyth County, Commonwealth of Virginia, Docket Case No. CL-21001088-00 (the "Complaint"), attached as **Exhibit A, Complaint**.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon the Defendants, including the Complaint, are attached.

3. No other pleadings have been served on Defendants in this litigation.

4. By filing a Notice of Removal, Defendants do not waive their right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendants specifically reserve their right to assert any defenses and objections to which they are entitled.

## II. FACTUAL BACKGROUND

5. Plaintiff alleges that Defendants designed and/or distributed a Continuous Positive Airway Pressure ("CPAP") machine called the Philips Respironics REMstar Auto A-Flex System One, bearing serial number P13367245B029, (the "Device") designed for home use. Ex. A, ¶¶ 9, 11, 14.

6. Plaintiff alleges that she purchased the Device in February 2015, ¶ 14, and used it from on or about February 12, 2015 until on or about December 19, 2019, ¶¶ 15-16.

7. Plaintiff alleges that the Device contains polyester-based polyurethane ("PE-PUR") foam for sound abatement. *Id*. ¶¶ 12-13.

8. Plaintiff alleges that the PE-PUR sound abatement foam degraded and off-gassed certain chemicals, *id*. ¶¶ 18-19, allegedly including carcinogens, *id*. ¶¶ 20-21.

9. Plaintiff alleges she was exposed to these chemicals while using the Device. *Id*. ¶ 22.

10. Plaintiff alleges that because of this exposure, she developed leukemia as well as "respiratory and other conditions" which would not have occurred but for the use of the Device. *Id*. ¶¶ 27, 29.

11. Plaintiff alleges claims for negligence, *id*. ¶¶ 30-35, and breach of implied warranty, *id*. ¶¶ 36-46.

12. Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of $10,000,000.00 in compensatory damages, together with pre- and post-judgement interest, all recoverable costs and fees, and such other relief as the Court deems appropriate, *id*. at 8.

### III.   NOTICE OF REMOVAL IS TIMELY

13. No defendant has been properly served with a summons or filed complaint in this matter.[2]

14. Accordingly, this Notice of Removal is timely because 28 U.S.C. § 1446(b)(2)(B) requires removal within thirty days of receipt of service. *See* 28 U.S.C. § 1446(b)(2)(B).

15. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

### IV.   GROUNDS FOR REMOVAL

16. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . .

---

[2] Plaintiff sent each defendant a communication titled "Notice of Breach Pursuant to Virginia Code § 8.2-607(3)," received on December 7, 2021 and December 8, 2021, which included as an exhibit an unsigned, unfiled copy of the Complaint. *See* **Exhibit B, Notice of Breach Letters**. To date, neither a filed complaint nor a summons has been served on any defendant and the state court docket does not reflect any filed return of service of process on any defendant. *See also* Va. Sup. Ct. R 3:8(a) ("A defendant must file pleadings in response within 21 days after service of the summons and complaint upon that defendant[.]"). Koninklijke Philips N.V. received a similar letter on December 6, 2021.

3

. to the district court of the United States for the district and division embracing the place where such action is pending."

17. This court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000 on the face of the Complaint.

    a. <u>There is complete diversity among the parties</u>.

18. Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996). Accordingly, "the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *id.*); *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 153 (4th Cir. 2020), *as amended* (Aug. 17, 2020); *Turner v. Digital Broad. Corp.*, 894 F. Supp. 2d 748, 751 (W.D. Va. May 24, 2012).

19. The general rule is that diversity is determined at the time of the filing of a lawsuit. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002); *Shelton v. Danville Police Dep't*, No. 4:11-CV-00045, 2012 WL 5464953, at *5 (W.D. Va. May 8, 2012).

    i. <u>Plaintiff is a citizen of Virginia</u>.

20. An individual is a citizen of the state in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998); *Jones v. CertusBank NA,* 605 F. App'x 218, 219 (4th Cir. 2015) ("Citizenship for purposes of § 1332 depends on domicile."); *Schieszler v. Ferrum Coll.*, 236 F. Supp. 2d 602, 612 (W.D. Va. July 15, 2002).

21. Plaintiff states that she is a citizen of the Commonwealth of Virginia and that Smyth County, Virginia is her domicile. Ex. A, ¶ 1.

22. Thus, Plaintiff is a citizen of the Commonwealth of Virginia.

        ii.        <u>Defendant Philips RS North America is a citizen of Massachusetts and Delaware</u>.

23.     Philips RS North America is a Delaware limited liability company with its principal place of business located in Pennsylvania.  Ex. A, ¶ 5; **Exhibit C, Declaration of James Durchak, ¶ 3**; **Exhibit D, Philips RS North America Corporate Records & Business Registrations**.

24.     As a limited liability company, however, Philips RS North America is a citizen of the states where its members are citizens.  *Passport Health, LLC*, 823 F. App'x at 153 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); *State Farm Mut. Auto. Ins. Co. v. Old Dominion Ins. Co.*, No. 7:20-CV-00754, 2021 WL 3513664, at *2 (W.D. Va. Aug. 10, 2021) ("As the court noted, an LLC is 'an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.'") (citation omitted).

25.     Philips RS North America is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141.  Ex. C, ¶¶ 4-5; **Exhibit E, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

26.     For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  *Cent. W.Va. Energy Co., Inc.*, 636 F.3d at 102.

27.     Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS North America is also a citizen of both Delaware and Massachusetts.  Philips RS North America is therefore a citizen of states different than Plaintiff.

5

   iii. <u>Defendants Philips North America and Philips Holding are citizens of Delaware and Massachusetts</u>.

28. Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts. Ex. A, ¶ 4; Ex. C, ¶ 6, **Exhibit F, Philips North America Corporate Records & Business Registrations**.

29. As an LLC, Phillips North America has the citizenship of its members. *Passport Health, LLC*, 823 F. App'x at 153; *State Farm Mut. Auto. Ins. Co.*, 2021 WL 3513664, at *2.

30. Philips North America is wholly owned by a single member, Philips Holding, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141. Ex. C, ¶ 7-8; **Exhibit G, Philips Holding Corporate Records & Business Registrations**.

31. Again, a corporation is a citizen of the state where it is incorporated and the state of its principal place of business. *Cent. W.Va. Energy Co.*, Inc., 636 F.3d at 102; 28 U.S.C. § 1332(c)(1).

32. Accordingly, Philips Holding is a citizen of both Delaware and Massachusetts and, thus, Philips North America LLC also is a citizen of both Delaware and Massachusetts. Philips North America and Philips Holding therefore are citizens of states different than Plaintiff.

   iv. <u>There is Complete Diversity Between the Parties</u>.

33. Thus, based on the foregoing, there is complete diversity between the parties.

| Plaintiffs | Defendants |
|---|---|
| Sherry Marshall (VA) | Philips North America LLC (DE/MA)<br>Philips RS North America LLC (DE/MA)<br>Philips Holding USA Inc. (DE/MA) |

    b.  <u>The amount in controversy requirement is plainly satisfied</u>.

34. For there to be diversity jurisdiction, there must be more than $75,000 in controversy.  28 U.S.C. § 1332(a).

35. For purposes of diversity jurisdiction, Courts can determine the amount in controversy based on the amount in controversy stated in the complaint.  *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself[.]' ") (citation omitted); *Willoughby v. Kroger*, No. 6:17-CV-00067, 2017 WL 6063075, at *1 (W.D. Va. Dec. 7, 2017) (applying same rule in removal context); *Soulsby v. Soulsby*, No. 5:17-CV-0056, 2017 WL 2539806, at *1 (W.D. Va. June 12, 2017); *Wishneff v. 10 S. St. Assocs., LLC*, No. 7:15-CV-00411, 2016 WL 6780032, at *2 (W.D. Va. Nov. 14, 2016); *Nails v. Advance Auto Parts*, No. 7:15-CV-00349, 2015 WL 6072571, at *3 (W.D. Va. Oct. 15, 2015); *Wild v. Gaskins*, 30 F. Supp. 3d 458, 461 (E.D. Va. Feb. 12, 2014).

36. In her Complaint, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of $10,000,000.00.  Ex. A at 8.

37. Therefore, Plaintiff expressly has placed more than $75,000 in controversy and the amount in controversy requirement easily is satisfied.

## V. <u>VENUE</u>

38. This lawsuit may be removed to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

39. The United States District Court for the Western District of Virginia is the federal judicial district encompassing the Circuit Court for Smyth County, Virginia, where this suit was originally filed.  28 U.S.C. § 127.  The Abingdon division is the appropriate division according to W.D. Va. Gen. R. 2(a)(1).

40. Additionally, on October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Judge Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit H, Transfer Order**.

41. It is anticipated that this case will be transferred to the MDL following removal.

## VI. CONSENT

42. No Defendant has been properly joined and served; however, each Defendant consents to removal. *See* 28 U.S.C. § 1446(b)(2).

## VII. PROCEDURE

43. Written notice of the filing of the Notice of Removal will promptly be served on all other parties to this action and a copy will be promptly filed with the Smyth County Court as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit I**.

44. Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII. CONCLUSION

Defendants respectfully remove this action from the Circuit Court for Smyth County, Commonwealth of Virginia to the United States District Court for the Western District of Virginia, Abingdon Division.

                                            Respectfully submitted,

| | |
|---|---|
| | */s/ Patrick Harvey* |
| John P. Lavelle, Jr. | Patrick Harvey |
| **MORGAN, LEWIS & BOCKIUS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| 1701 Market Street | 1111 Pennsylvania Avenue, NW |
| Philadelphia, PA 19103-2921 | Washington, DC 20004-2541 |
| Telephone: +1.215.963.5000 | Telephone: +1.202.373.6284 |
| Facsimile: +1.215-963-5001 | Facsimile: +1.202.739.3001 |
| *john.lavelle@morganlewis.com* | *patrick.harvey@morganlewis.com* |
| | |
| *Of Counsel for Defendant Philips RS North America LLC* | *Attorneys for Defendants Philips RS North America LLC, and Philips North America, LLC, and Philips Holding USA Inc.* |

Michael H. Steinberg
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067-1725
Telephone: +1.310.712.6670
Facsimile: +1.310.712.8800
*steinbergm@sullcrom.com*

William B. Monahan
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004-2498
Telephone: +1.212.558.7375
Facsimile: +1.212.558.3588
*monahanw@sullcrom.com*

*Of Counsel for Defendant Philips North America, LLC and Philips Holding USA Inc.*


Dated: December 29, 2021

## **CERTIFICATE OF SERVICE**

I certify that on December 29, 2021, I caused a copy of the foregoing to be served via first class mail, with a courtesy copy sent via e-mail, to Plaintiff's attorneys at the address below:

Andrew M. Bowman
David R. Berry
**GENTRY LOKE**
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
*bowman@gentrylocke.com*
*berry@gentrylocke.com*

*Counsel for Plaintiff*

                                      */s/ Patrick Harvey*
                                      *Patrick Harvey*